IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

THE WEST VIRGINIA BUSINESS )
COLLEGE, ET. AL., )
 )
    Plaintiffs, )
 )
v. ) Civil Action No. 1:18-cv-912
 )
ACCREDITING COUNCIL FOR )
INDEPENDENT COLLEGES AND )
SCHOOLS, )
 )
    Defendant. )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim. This case arises out of Defendant Accrediting Council for Independent Colleges and Schools' ("ACICS") denial of reaccreditation to West Virginia Business College ("WV Business College"). Plaintiff brings this action against ACICS asserting claims of 1) violation of its rights under due process, 2) breach of contract, 3) tortious interference, 4) negligence, 5) defamation, and 6) declaratory judgement.

In its complaint, Plaintiff alleges that by Memorandum dated October 11, 2016, Sarah Tucker, Chancellor of West Virginia Council for Community and Technical College Education

("WVCTCE") advised accrediting institutions in West Virginia, including WV Business College that DOE had taken "actions to decertify" ACICS. The memorandum noted that ACICS had appealed to the DOE. Plaintiff alleges that on December 12, 2016, DOE advised WVCTCE that DOE affirmed its previous ruling and ACICS was no longer recognized by DOE as an accrediting agency.

Plaintiff alleges that on December 22, 2016, ACICS denied WV Business College's renewal of accreditation and the accreditation would expire on December 31, 2016, unless WV Business College appealed. Plaintiff alleges that on December 30, 2016, DOE provided WV Business College with a provisional Program Participation Agreement, providing WV Business College continued recognized accreditation.

Plaintiff further alleges it appealed ACICS's denial of continued accreditation to ACICS's Review Board, and on March 30, 2017, ACICS's Review Board remanded WV Business College's case back to ACICS recommending, "the institution be provided additional time to satisfactorily address the remaining areas of noncompliance identified in the December 22, 2016 letter of denial for review at the August 2017 meeting of the Council." Plaintiff alleges that ACICS issued its "Final Action" reaffirming the decision to deny WV Business College's application for renewal of accreditation on April 11, 2017, and Plaintiff was not given extra time to come into compliance with

the accreditation standards despite the Review Board's recommendation.

Plaintiff further alleges that on April 20, 2017, WVCTCE withdrew WV Business College's permit to operate in the state of West Virginia based on ACICS's final action letter. Plaintiff alleges it appealed WVCTCE's withdrawal of WV Business College's permit, and a hearing was held on May 31, 2017. Plaintiff alleges that on June 8, 2017, an Appeal Hearing Report was issued affirming WVCTCE's prior decision to withdraw WV Business College's permit to operate in the State of West Virginia effective June 30, 2017. Plaintiff alleges that in June 2017, Sarah Tucker made statements to the news media suggesting that students who graduated from WV Business College might have unaccredited degrees. Furthermore, Plaintiff alleges that it filed a Petition for Appeal to WVCTCE's Appeal Hearing Report dated June 8, 2017 in the Circuit Court of Ohio County, WV. Plaintiff alleges it filed a motion to stay with the Circuit Court of Ohio County, WV and the stay was granted. According to the Complaint, the Circuit Court of Ohio County, WV ruled that "WV Business College can continue to operate in the State of WV until further Order of the Court." Plaintiff alleges that on July 10, 2017, WV Business College ceased operation and closed its doors due to financial hardship, alleging the comments made by Sarah Tucker to the news media caused harm to its reputation

resulting in low enrollment. On December 11, 2017, the Circuit Court of Ohio County, WV dismissed WV Business College's appeal of WCTCE's decision to withdraw its permit. Plaintiff subsequently filed the current action by Complaint dated April 9, 2018.

Plaintiff alleges six claims in its Complaint: 1) deprivation of property in violation of the 14th Amendment under 42 U.S.C. § 1983 by ACICS; 2) breach of contract by ACICS; 3) tortious interference by ACICS; 4) negligence by ACICS, pled in the alternative; 5) defamation by ACICS and Sarah Armstrong Tucker; and 6) declaratory judgement.

In response to the complaint, ACICS filed a motion to dismiss for failure to state a claim under Federal Rule Civil Procedure 12(b)(6) as to all claims.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679. The court does not accept as true any "unwarranted inferences,

unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000). If the complaint does not state a plausible claim for relief, the court should dismiss the claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

As to the first three claims of due process, breach of contract, and tortious interference, the Court finds that Plaintiff has pled sufficient facts to state a claim upon which recovery may be had.

In the fourth claim, Plaintiff alternatively pleads a claim of negligence against ACICS. Plaintiff alleges that ACICS negligently failed to follow its own rules in the Accreditation Criteria, Policies, Procedures and Standards, and that Plaintiff suffered damages as a result. The Complaint lacks any specific showing of fact to support a claim of negligence in this case. Under West Virginia law, tort claims are barred when any of the following factors are met: "1) where liability arises solely from the contractual relationship between the parties; 2) when the alleged duties breached were grounded in the contract itself; 3) where any liability stems from the contract; and 4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim." Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 231 W.Va.

477, 586 (W. Va. 2013). ACICS argues that all these factors met in the current case, and this Court agrees. The negligence claim alleged is based entirely on the contractual relationship between the parties. Because Plaintiff failed to allege sufficient facts as to a claim of negligence, the negligence claim against ACICS should be dismissed.

Plaintiff concedes that the defamation claim, and the declaratory judgement claim should be dismissed, and the Court agrees. Plaintiff also concedes that Plaintiff John Tarr should be dismissed as a Plaintiff, and the Court agrees.

Therefore, the Defendant's motion to dismiss as to Plaintiff's claims of due process, breach of contract, and tortious interference should be denied, and Defendant's motion to dismiss as to the claims of negligence, defamation, and declaratory judgement should be granted.

For the foregoing reasons, this Court finds that the Defendant's Motion to Dismiss should be denied in part and granted in part. An appropriate order shall issue.

*Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 21, 2018