IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| THE WEST VIRGINIA BUSINESS COLLEGE, ET. AL., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 1:18-cv-912 |
| ACCREDITING COUNCIL FOR INDEPENDENT COLLEGES AND SCHOOLS, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on cross motions for summary judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure.

West Virginia Business College Incorporated ("WVBC") and John A. Tarr filed this action on April 9, 2018 against Accrediting Council for Independent Colleges and Schools ("ACICS") and Sarah Armstrong Tucker. The suit was initially filed in the Northern District of West Virginia. However, on July 20, 2018, that Court granted ACICS' motion to transfer venue to this Court, thereby severing the claims and transferring the action only as to ACICS. In its originally filed complaint, WVBC asserted claims of 1) violation of its

rights under due process; 2) breach of contract; 3) tortious interference; 4) negligence; 5) defamation; and 6) declaratory judgement. ACICS filed a motion to dismiss, which the Court granted in part and denied in part. WVBC subsequently filed its First Amended Complaint, which contains the following counts: 1) constitutional due process violation (pursuant to 42 U.S.C. § 1983); 2) common law due process violation; 3) breach of contract; and 4) tortious interference.

Plaintiff's claims arise out of ACICS' April 10, 2017 final decision to deny WVBC's application for renewal of accreditation. Discovery has concluded, and there are no material facts in dispute and this case is ripe for summary judgement.

From 1989 to 2017, WVBC operated as a for-profit business college with campuses in Nutter Fort and Wheeling, West Virginia. ACICS accredits educational institutions that offer programs in professional, technical, and occupational fields. From 1956 to December 2016, ACICS was continuously recognized as an accrediting agency by the United States Department of Education ("DOE"). On December 12, 2016, ACICS lost its recognition as an accrediting agency by the DOE. On April 3, 2018, ACICS' recognition by the DOE was reinstated, retroactive to the date of the initial loss, December 12, 2016.

The WV Council is an agency of the State of West Virginia charged with administering the West Virginia Community and Technical College System ("CTCS"). Among other things, the WV Council authorizes community and technical colleges to operate in the State by issuing permits. WVBC had a permit to operate in the State from 1989 to 2017. The ACICS Accreditation Criteria: Policies, Procedures and Standards ("Accreditation Criteria") is published and periodically revised by ACICS and sets forth the requirements and process for accreditation of educational institutions.

WVBC was accredited by ACICS from 1989 to 2017. In 2012, WVBC submitted an application for renewal of accreditation to ACICS. ACICS conducted on-site evaluations at WVBC's Nutter Fort and Wheeling campuses and generated a team visit report on November 3, 2013. On November 12 and 13, 2013, WVBC submitted written responses to the team visit report. On December 27, 2013, ACICS issued a new grant deferral letter and show cause directive to WVBC. That notice identified nine areas of non-compliance at the Wheeling campus, fourteen areas of non-compliance at the Nutter Fort campus, and sixteen areas of non-compliance that affected both campuses. As a result of all of those problems, ACICS deferred WVBC's application for renewal of accreditation to allow WVBC additional time to attempt to come into compliance, and ACICS placed WVBC on "show-cause" status.

After nearly 18 months of working towards coming into compliance, on April 23, 2015, ACICS issued a renewal of accreditation notice to WVBC granting accreditation through December 31, 2016 and vacating the show cause directive. That eventual renewal of accreditation came nearly eighteen months after the initial team visit report, and after ACICS issued four deferral and show cause notices, and after ACICS held three hearings.

On September 30, 2015, WVBC submitted an application for renewal of accreditation to ACICS. ACICS conducted on-site evaluations at WVBC's Nutter Fort campus on September 12-13, 2016 and at WVBC's Wheeling campus on September 14-16, 2016. ACICS generated team visit reports as a result of the campus visits, which identified 26 issues requiring explanatory response to the Nutter Fort campus, and 22 issues requiring explanatory response as to the Wheeling campus. WVBC submitted written responses to ACICS in response.

On December 22, 2016, ACICS issued a letter to WVBC denying renewal of WVBC's accreditation, which was set to expire on December 31, 2016, unless WVBC appealed, in which case the accreditation would expire on April 30, 2017. The Denial Letter identified 12 areas of non-compliance at the Wheeling campus, and 17 areas of non-compliance at the Nutter Fort campus. The Denial letter noted the following concerns: 1) the large number

of findings, 2) that many of the findings repeated previous violations, and 3) that it was unlikely that WVBC could correct the findings and return to compliance within a reasonable period of time given the extended length of time that WVBC took to earn its prior renewal.

ACICS sent the Denial Letter to Dr. Corley Dennison, Vice Chancellor of Academic Affairs for the WV Council and the West Virginia Higher Education Policy Commission ("WV Commission"), as well as to other government officials. ACICS own Accreditation Criteria, as well as federal regulations, required the letter be sent to the recipients of the letter.

WVBC appealed ACICS' accreditation denial to the ACICS Review Board as permitted by the Accreditation Criteria. As a result of ACICS' recommendation, among other factors, on February 22 and 23, 2017, the WV Council sent its own visit team to WVBC's Nutter Fort and Wheeling campuses.

WVBC had a hearing before the ACICS Review Board on February 28, 2017. On March 30, 2017, the Review Board issued a remand of the denial of renewal of accreditation to the ACICS Council. The Review Board issued a recommendation that the ACICS Council consider granting WVBC until the August 2017 ACICS Council meeting to demonstrate compliance with the Accreditation Criteria.

The ACICS Council met on April 3-7, 2017, at which time it considered the remand by the Review Board. On April 10, 2017, the ACICS Council issued its written decision denying WVBC's application for renewal of accreditation ("Final Denial Letter"). The Final Denial Letter states that on remand, the ACICS Council reviewed the Review Board's remand and recommendation and reviewed the record again in response to that recommendation. After such review, the ACICS Council found no credible basis upon which to conclude that additional time would result in WVBC coming into compliance. ACICS made its ruling for at least the following reasons: 1) the number of findings; 2) the similarity of the findings to WVBC's previous violations; and 3) the extended period of time it took WVBC to come into compliance during the last renewal cycle.

ACICS again sent the Final Denial Letter to Dennison, as well as to the other government officials, as required by ACICS' Accreditation Criteria as well as the applicable federal regulations, which state that accreditation decisions must be provided by the Department of Education and to appropriate state agencies.

On April 20, 2017, the WV Council withdrew WVBC's permit to operate in the State effective June 30, 2017. WVBC's loss of ACICS accreditation was a factor for the withdrawal of the State

permit, although the WV Council performed its own investigation before revoking the permit.

WVBC appealed the WV Council's withdrawal of WVBC's permit, but the permit withdrawal was affirmed by Ms. Tucker, Chancellor of the WV Council and CTCS on June 8, 2017. The Appeal Hearing Report found that the WV Council staff had conducted site visits of WVBC, and that those visits validated and reaffirmed many of the concerns cited by ACICS.

WVBC thereafter filed suit in the Circuit Court of Ohio County, West Virginia challenging the revocation of its state permit. ACICS was not a defendant in that suit.

WVBC ceased business operation on July 10, 2017. The West Virginia Circuit Court denied WVBC's appeal of the revocation of its state permit on December 11, 2017. The Court's Order notes that the WV Council's team had conducted site visits which had "validated and reaffirmed ACICS's" findings.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255

(1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). This case is ripe for summary judgment.

When reviewing an accreditation decision of an accrediting agency, the Court is confined to what the accrediting agency considered at the time of the final decision. Consistent with that standard, the administrative record that ACICS considered at the time it made its final decision to deny WVBC's application for renewal of accreditation is part of the discovery in this case.

Count I of Plaintiff's Amended Complaint alleges constitutional due process violation under 42 U.S.C. § 1983. WVBC asserts that ACICS is a "state actor," that the WV sought to evade a clear constitutional duty, and that the WV Council delegated a public function to ACICS, giving rise to liability pursuant to 42 U.S.C. § 1983. However, it is settled law that an accrediting body such as ACICS is not a "state actor," and therefore cannot be subject to a claim under 42 U.S.C. § 1983.

In Loftus v. Bobzien, 848 F.3d 278 (4th Cir. 2017), the Fourth Circuit stated, "'Section 1983 imposes liability on state actors who cause the deprivation of any rights, privileges, or immunities secured by the Constitution.' To state a claim under

section 1983 a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Id. at 284-85. "Like that state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). Accordingly, "the person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBache v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). "Private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." Id. at 507.

The Fourth Circuit has directly considered and rejected the notion that an accrediting body such as ACICS could be a "state actor." In Professional Massage Training Center, Inc. v. Accreditation Alliance of Career Schools and Colleges, the Fourth Circuit said "accreditation agencies are private entities, not state actors, and as such are not subject to the strictures of constitutional due process requirements."

Professional Massage Training Center, Inc. v. Accreditation

Alliance of Career Schools and Colleges, 781 F.3d 161, 169 (4th

Cir. 2015). See also Moore v. Williamsburg Reg'l Hosp., 560 F.3d

166, 179 (4th Cir. 2009). Consequently, accreditation agencies

are not state actors, and therefore cannot be subjected to a

claim pursuant to 42 U.S.C. § 1983.

Further, WVBC's assertion that the WV Council delegated a

duty to ACICS is flawed. As the Court said in Debauche, the duty

delegated must be "a clear constitutional duty." See Debauche,

191 F.3d at 508. Accreditation is not a constitutional duty. In

explaining the "delegation" category, the Fourth Circuit has

stated, "when the state has not delegated a constitutional duty,

there is no state action if the services are provided by a

private contractor." Andrews v. Federal Home Loan Bank, 998 F.2d

214, 218 (4th Cir. 1993). Despite WVBC's argument that the

Supremacy Clause is triggered here, the only action that is at

issue is ACICS' accreditation function, and there is not a claim

that accreditation is a constitutional duty. The federal Higher

Education Act and the applicable regulations have established

that accreditation is typically performed by private actors, and

thus, is not a traditionally and exclusively public function.

Furthermore, the record shows that the WV Council did not

delegate functions to ACICS. In revoking WVBC's State permit,

the WV Council undertook its own investigation of WVBC to

confirm ACICS' findings. In response to questions regarding why

the WV Council ordered its own staff to conduct visits to WVBC,

Chancellor Tucker testified that, "I think it's fair to say that

the Council wanted to know whether or not their staff had

similar findings to ACICS." She testified further that the WV

Council did its own due diligence before invoking WVBC's State

permit, and that the WV Council satisfied itself that ACICS'

findings were corroborated and well-founded. Chancellor Tucker's

"findings of fact" include a specific finding that the WV

Council staff had conducted site visits and that those visits

"validated and reaffirmed many of the concerns cited by ACICS."

Chancellor Tucker confirmed in her deposition testimony that

those findings were relied upon when reaching the "conclusions

of law." The decision to revoke WVBC's State permit was not

delegated to ACICS, but was also based upon the WV Council's own

verification of WVBC's violations. Therefore, WVBC cannot

prevail on a claim under 42 U.S.C. § 1983.

In count II of Plaintiff's Amended Complaint, Plaintiff

alleges that ACICS violated common law due process requirements

by not using a fair process and by not following the

instructions of the Review Board to give WVBC additional time to

come into compliance with the Accreditation Criteria. WVBC has

not contended in this lawsuit that it was in compliance with the

Accreditation Criteria when ACICS issued the Denial Letter or

the Final Denial Letter, and WVBC has not raised any challenge in this lawsuit to the 29 areas of substantive non-compliance found by ACICS. Rather, WVBC argues that ACICS was required to give WVBC additional time to come into compliance. The record shows that ACICS provided WVBC a full and fair process, ACICS considered the Review Board's recommendation when rendering its final decision, and the ACICS Council was not required to give WVBC additional time given the circumstances of WVBC's substantial non-compliance.

The standard of limited judicial review of accreditation determinations is well-established. The Fourth Circuit Court of Appeals in Professional Massage found that the trial court "is authorized to consider 'only whether the decision of an accrediting agency…is arbitrary and unreasonable or an abuse of discretion and whether the decision is based on substantial evidence." Id. at 171. Further defining how that standard is to be applied, the Court stated that, "courts should 'focus primarily on whether the accrediting body's internal rules provided a fair and impartial procedure and whether it followed its rules in reaching its decision." Id. at 172. The Court further noted that the "Supreme Court has defined substantial evidence to be anything 'more than a mere scintilla' provided that a 'reasonable mind might accept the evidence adequate to support a conclusion.'" Id. at 174.

12

The Court in Professional Massage further stated that "courts are 'not free to conduct a de novo review or to substitute their judgement for the professional judgement of the educators involved in the accreditation process.'" Id. at 171. It is undisputed that ACICS has proper accreditation procedures in place, and the Court finds that it followed those procedures.

While WVBC disagrees with ACICS' final accreditation decision, such disagreement is insufficient for this Court because of the limited review standard set forth by the Fourth Circuit. WVBC argues that it was entitled to additional time to come into compliance, but that is a substantive decision that is to be left to the accrediting body, not this Court. ACICS specifically determined that additional time was not warranted. The Court's role is to determine only whether ACICS had procedures in place, whether it followed those procedures, and whether is decision was based upon "more than a mere scintilla" of evidence. The record establishes that ACICS met those requirements.

In reaching its decision to deny WVBC's application for renewal of accreditation, the ACICS Council considered WVBC's recent history of substantial non-compliance and the extended period of time that it took WVBC to eventually come into compliance. Specifically, after falling out of compliance in late 2012, it took nearly 18 months for WVBC to be in compliance

again. After using nearly 18 months to bring itself into compliance, WVBC fell back into non-compliance in the next 17 months. The ACICS Council reasonably concluded that WVBC was not likely to cure the 2016 violations in a reasonable period of time, had not demonstrated an ability to keep itself in compliance, and was not qualified for a renewed grant of accreditation. WVBC's claim is that ACICS failed to follow the Review Board's instructions. However, the ACICS Council considered the Review Board's remand and issued a final decision that was consistent with the remand.

The Review Board had the authority to affirm, amend, or reverse a decision of the ACICS Council. The Review Board also had the authority to "remand the case to the Council with recommendations to for further consideration." In this case, the remand decision provided recommendations for the Council's consideration. The Review Board recommended that ACICS Council consider granting WVBC approximately five months to attempt to come into compliance.

As stated in the Final Denial Letter, the Council considered the Review Board's recommendation, conducted a further review of the record, and determined that: 1) WVBC had 29 violations; 2) many of those violations were substantially similar to findings made against WVBC in the previous cycle; 3) it took WVBC multiple attempts over approximately 18 months to

address the previous violations; 4) after finally coming into
compliance in April 2015, the Council reasonably expected that
WVBC would have remained in compliance for the next evaluation
in 2016; and 5) there is no credible basis upon which to summon
confidence that additional time would serve to assure the
institution's compliance with the standards of the Accreditation
Criteria. Consequently, the ACICS Council reaffirmed its
decision to deny the application for renewal of accreditation.

WVBC contends that ACICS Council was required to provide
WVBC with additional time. That is inconsistent with the Review
Board's remand and the Accreditation Criteria. The remand was
issued as a recommendation for further consideration. It was not
a reversal, amendment, or mandatory instruction for a grant of
additional time. Further, the Accreditation Criteria do not
compel the ACICS Council to grant additional time in response to
such a remand. Instead, with a remand, the Council is to act in
a manner consistent with the Review Board panel's decisions or
instructions. The final decision issued by the ACICS Council
shows that the Council acted consistent with the Review Board's
remand by further reviewing the record and considering whether
WVBC should be granted additional time to come into compliance.
The fact that the ACICS Council chose not to grant the
additional time is not a violation of the procedure, as the
requirement is for the ACICS Council to act in a manner

consistent with the Review Board's decision, and in the case of

a recommendation, for further consideration.

ACICS' action in denying WVBC's application for renewal of

accreditation without providing additional time was proper and

in compliance with the Accreditation Criteria. The record

establishes that ACICS' internal rules provide a fair and

impartial procedure, that ACICS followed its rules in reaching

its decision, and that its decision is supported by substantial

evidence. Therefore, there has not been a due process violation.

In Count III of the Amended Complaint, WVBC alleges that

ACICS breached the Accreditation Criteria, which WVBC contends

is a contract between WVBC and ACICS. WVBC's breach of contract

claim is consistent with its common law due process claim and is

based only on the assertion that ACICS did not follow the Review

Board's decision. Accordingly, the breach of contract claim

fails for all the reasons stated above regarding the common law

due process claim, as ACICS' actions were proper and were in

full compliance with the Accreditation Criteria.

Count IV of Plaintiff's Amended Complaint alleges tortious

interference. WVBC contends that ACICS intentionally and

tortuously interfered with its State business permit by sending

the denial letter and final denial letter to Dr. Dennison at the

WV Council. Under West Virginia law, "to establish prima facie

proof of tortious interference, a plaintiff must show: 1)

existence of a contractual or business relationship or

expectancy; 2) an intentional act of interference by a party

outside that relationship or expectancy; and 3) proof that the

interference caused the harm sustained; and 4) damages."

Hatfield v. Health Mgmt. Assocs. Of W.Va., Inc., 672 S.E.2d 395,

403 (W. Va. 2008).

Plaintiff alleges that ACICS sent the accreditation

determinations to Dr. Dennison, which was an intentional act of

interference. However, sending the letters were taken pursuant

to federal regulations and ACICS' published policies. The

Accreditation Criteria requires that ACICS notifies, among

others, federal and state agencies of accreditation

determinations, specifically including a final decision to deny

accreditation. The applicable federal regulations require that

ACICS have such a policy. Thus, sending the notices to West

Virginia officials was done in compliance with ACICS' published

policies and procedures and federal regulations, and such

conduct does not constitute an "intentional act of interference"

with any business expectancy. Additionally, WVBC has not

presented any evidence to suggest that ACICS ever intended to

cause WVBC to lose its State permit.

Further, the Supreme Court of Appeals of West Virginia has

held that, "truthful information is an absolute bar to a claim

of tortious interference 'whether or not the information is

17

requested.'" <u>Tiernan v. Charleston Area Med Ctr., Inc.</u>, 506 S.E.2d 578, 592 (W. Va. 1998). The letters that were sent to Dr. Dennison constituted truthful information, namely that ACICS had acted to deny and then reaffirm its decision to deny WVBC's application for renewal of accreditation. The conveyance of that truthful information cannot serve as a basis for a claim for intentional interference. Therefore, WVBC's claim that ACICS intentionally interfered with its State business permit fails.

For the foregoing reasons, this Court finds that Plaintiff's Motion for Summary Judgement is denied and Defendant's Motion for Summary Judgement is granted. An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
~~May          , 2019~~
June 18, 2019

18